IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

      Plaintiff,                  No. CIV S-10-3403 LKK EFB

vs.

DAVID G. KNOX,

      Defendant.                ORDER AND
                                          FINDINGS AND RECOMMENDATIONS
_____/

      This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1) for hearing on plaintiff's amended motion for entry of default judgment against defendant David G. Knox.[1] Dckt. No. 18. The hearing on plaintiff's amended motion is currently set for August 31, 2011.[2] *Id.* For the reasons stated herein, as well

---

[1] Defendant JBS Petro, Inc. was dismissed from this action on March 25, 2011. Dckt. No. 10.

[2] On July 27, 2011, the court heard plaintiff's original motion for default judgment. Dckt. No. 14. Plaintiff, an attorney, appeared at the hearing and represented himself. No appearance was made on behalf of defendant. At the hearing, the court asked plaintiff why the motion for default judgment listed the public accommodation at issue as "a motel with a parking lot located at 751 Emerald Bay Road, South Lake Tahoe, California" when the complaint listed it as "a gas station/convenience store with a parking lot located at 633 E. Victor Road, Lodi, California." Plaintiff indicated that it was merely a typographical error in the default judgment motion. Nonetheless, in light of the nature of the error, the original default judgment motion was denied without prejudice in order to enable plaintiff to correct the error. Dckt. No. 17.

1

as for the reasons stated at the July 27 hearing on plaintiff's original default judgment motion, the court vacates the August 31, 2011 hearing on plaintiff's amended default judgment motion and recommends that the motion be granted.

I.  BACKGROUND

Plaintiff initiated this action on December 21, 2010, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the California Unruh Civil Rights Act.  Compl., Dckt. No. 1.  A certificate of service, filed March 30, 2011, demonstrates that the summons and complaint were served on defendant Knox on February 9, 2011 in Lodi, California, by leaving a copy of the process at Knox's usual place of abode with his wife, and informing her of its contents.  Dckt. No. 11.

On May 5, 2011, pursuant to plaintiff's request, the Clerk of Court entered the default of defendant Knox.  Dckt. No. 13.  On May 23, 2011, plaintiff filed a motion for default judgment, and mail served a copy of the motion on defendant Knox.  Dckt. No. 14.  Defendant failed to appear at the July 27, 2011 hearing on the motion.  Dckt. No. 17.  The original motion for default judgment was denied due to plaintiff's typographical error, but on July 27, 2011, plaintiff filed an amended motion for default judgment, which was also mail served on defendant.  Dckt. No. 18.  Defendant has not filed any opposition to the motion.

Plaintiff's amended motion for default judgment seeks monetary damages, pursuant to California Civil Code Section 52(a) in the amount of $8,000.00, which is based upon two alleged discriminatory occurrences at the statutory minimum of $4,000.00 per discriminatory event.  *Id.* at 4.  Plaintiff also seeks an injunction requiring Knox to provide for a properly configured van-accessible disabled parking space with an accessible route to the entrance in accordance with the ADA and the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").  *Id*.

II.  DISCUSSION

It is within the sound discretion of the district court to grant or deny an application for default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this

determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts *not* contained in the pleadings, and claims which are *legally insufficient*, are *not* established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

A.  <u>Americans with Disabilities Act</u>

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv). Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases,

3

or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

Here, plaintiff alleges (1) that he is disabled, Compl. ¶ 1; (2) that defendant's business is a place of public accommodation, *id.* ¶ 2; (3) that plaintiff was denied access to defendant's business because of plaintiff's disability, *id.* ¶ 4; (4) that defendant's business has architectural barriers, *id.*; and (5) that removal of the barriers is readily achievable, *id.* Because plaintiff's allegations are taken as true on default, the court finds that plaintiff has met his initial burden to state a *prima facie* Title III discrimination claim. Additionally, the court finds that the majority of the *Eitel* factors weigh in favor of granting default judgment to plaintiff on that claim. Therefore, the undersigned recommends that plaintiff be granted default judgment against defendant Knox on plaintiff's ADA claim and award plaintiff an injunction requiring defendant Knox to provide for a properly configured van-accessible disabled parking space with an accessible route to the entrance in accordance with the ADA and the ADAAG. *See* 42 U.S.C. § 12188(a)(2) (authorizing injunctions under the ADA).

B.  Unruh Civil Rights Act

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). To prevail on his disability discrimination claim under the Unruh Civil Rights Act, plaintiff must establish that (1) he was

4

denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) his disability was a motivating factor for this denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm. Cal. Civil Jury Instructions (BAJI), No. 7.92 (Fall 2009 Revision). Additionally, any violation of the ADA necessarily constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f); *see also Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 664 (2009).

Here, because plaintiff's complaint properly sets out the necessary elements for his ADA claim against defendant Knox, plaintiff has also properly set out the necessary elements for his Unruh Civil Rights Act claim. Therefore, and because there are no policy considerations which preclude the entry of default judgment on this claim, *Eitel*, 782 F.2d at 1471-72, the court will recommend that plaintiff's motion for default judgment on his Unruh Civil Rights Act claim against defendant Knox be granted.

The Unruh Civil Rights Act provides for a minimum statutory damage amount of $4000 per violation, and "any attorney's fees that may be determined by the court in addition thereto." *Id.* § 52(a). Plaintiff seeks $8,000 in damages for violation of the Unruh Civil Rights Act, based on two actual visits to defendant's property. Dckt. No. 18 at 4. The court will recommend that plaintiff be awarded those statutory damages.

III.   CONCLUSION

Based on the foregoing findings, IT IS HEREBY ORDERED that the August 31, 2011 hearing on plaintiff's amended default judgment motion is vacated. IT IS FURTHER RECOMMENDED that:

1. Plaintiff's amended motion for default judgment against defendant David G. Knox, Dckt. No. 18, be GRANTED;

2. Plaintiff be awarded statutory damages in the amount of $8,000;

////

3. Plaintiff be granted an injunction requiring defendant Knox to provide for a properly configured van-accessible disabled parking space with an accessible route to the entrance in accordance with the Americans with Disabilities Act of 1990 and the Americans with Disabilities Act Accessibility Guidelines contained in 28 C.F.R. Part 36; and

4. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 26, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE