1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SCOTT N. JOHNSON,

11            Plaintiff,                     No. CIV S-10-3403 LKK EFB

12      vs.

13   DAVID G. KNOX,
                                             ORDER AND
14            Defendant.                     FINDINGS AND RECOMMENDATIONS
     _____/

15

16       This case was referred to the undersigned pursuant to Eastern District of California Local

17   Rule 302(c)(19) and 28 U.S.C. § 636(b)(1) for hearing on plaintiff's amended motion for entry

18   of default judgment against defendant David G. Knox.[1]  Dckt. No. 18.  The hearing on plaintiff's

19   amended motion is currently set for August 31, 2011.[2]  *Id.*  For the reasons stated herein, as well

20   _____

21       [1] Defendant JBS Petro, Inc. was dismissed from this action on March 25, 2011.  Dckt.
     No. 10.

22       [2] On July 27, 2011, the court heard plaintiff's original motion for default judgment.
     Dckt. No. 14.  Plaintiff, an attorney, appeared at the hearing and represented himself.  No
23   appearance was made on behalf of defendant.  At the hearing, the court asked plaintiff why the
     motion for default judgment listed the public accommodation at issue as "a motel with a parking
24   lot located at 751 Emerald Bay Road, South Lake Tahoe, California" when the complaint listed it
     as "a gas station/convenience store with a parking lot located at 633 E. Victor Road, Lodi,
25   California."  Plaintiff indicated that it was merely a typographical error in the default judgment
     motion.  Nonetheless, in light of the nature of the error, the original default judgment motion was
26   denied without prejudice in order to enable plaintiff to correct the error.  Dckt. No. 17.

1  as for the reasons stated at the July 27 hearing on plaintiff's original default judgment motion,

2  the court vacates the August 31, 2011 hearing on plaintiff's amended default judgment motion

3  and recommends that the motion be granted.

4  I.   BACKGROUND

5  Plaintiff initiated this action on December 21, 2010, alleging violations of the Americans

6  with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the California Unruh Civil

7  Rights Act.  Compl., Dckt. No. 1.  A certificate of service, filed March 30, 2011, demonstrates

8  that the summons and complaint were served on defendant Knox on February 9, 2011 in Lodi,

9  California, by leaving a copy of the process at Knox's usual place of abode with his wife, and

10  informing her of its contents.  Dckt. No. 11.

11  On May 5, 2011, pursuant to plaintiff's request, the Clerk of Court entered the default of

12  defendant Knox.  Dckt. No. 13.  On May 23, 2011, plaintiff filed a motion for default judgment,

13  and mail served a copy of the motion on defendant Knox.  Dckt. No. 14.  Defendant failed to

14  appear at the July 27, 2011 hearing on the motion.  Dckt. No. 17.  The original motion for default

15  judgment was denied due to plaintiff's typographical error, but on July 27, 2011, plaintiff filed

16  an amended motion for default judgment, which was also mail served on defendant.  Dckt. No.

17  18.  Defendant has not filed any opposition to the motion.

18  Plaintiff's amended motion for default judgment seeks monetary damages, pursuant to

19  California Civil Code Section 52(a) in the amount of $8,000.00, which is based upon two alleged

20  discriminatory occurrences at the statutory minimum of $4,000.00 per discriminatory event.  *Id.*

21  at 4.  Plaintiff also seeks an injunction requiring Knox to provide for a properly configured van-

22  accessible disabled parking space with an accessible route to the entrance in accordance with the

23  ADA and the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").  *Id.*

24  II.   DISCUSSION

25  It is within the sound discretion of the district court to grant or deny an application for

26  default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this

1    determination, the court considers the following factors:

2             (1) the possibility of prejudice to the plaintiff, (2) the merits of
      plaintiff's substantive claim, (3) the sufficiency of the complaint,
3             (4) the sum of money at stake in the action, (5) the possibility of a
      dispute concerning the material facts, (6) whether the default was
4             due to excusable neglect, and (7) the strong policy underlying the
      Federal Rules of Civil Procedure favoring decisions on the merits.
5

6    *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary

7    standard, default judgments are more often granted than denied."  *Philip Morris USA, Inc. v.*

8    *Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v.*

9    *Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

10         As a general rule, once default is entered, the factual allegations of the complaint are

11   taken as true, except for those allegations relating to damages.  *TeleVideo Systems, Inc. v.*

12   *Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).  However, although well-

13   pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary

14   facts *not* contained in the pleadings, and claims which are *legally insufficient*, are *not* established

15   by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

16         A.    Americans with Disabilities Act

17         Title III of the ADA provides that "[n]o individual shall be discriminated against on the

18   basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

19   advantages, or accommodations of any place of public accommodation by any person who owns,

20   leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).

21   Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . .

22   where such removal is readily achievable."  *Id.* § 12182(b)(2)(A)(iv).  Under the ADA, the term

23   readily achievable means "easily accomplishable and able to be carried out without much

24   difficulty or expense."  42 U.S.C. § 12181(9).

25         "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is

26   disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases,

1  or operates a place of public accommodation; and (3) the plaintiff was denied public

2  accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481

3  F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on a ADA claim of discrimination on

4  account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1)

5  the existing facility at the defendant's place of business presents an architectural barrier

6  prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L &*

7  *L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

8        Here, plaintiff alleges (1) that he is disabled, Compl. ¶ 1; (2) that defendant's business is

9  a place of public accommodation, *id.* ¶ 2; (3) that plaintiff was denied access to defendant's

10  business because of plaintiff's disability, *id.* ¶ 4; (4) that defendant's business has architectural

11  barriers, *id.*; and (5) that removal of the barriers is readily achievable, *id.* Because plaintiff's

12  allegations are taken as true on default, the court finds that plaintiff has met his initial burden to

13  state a *prima facie* Title III discrimination claim. Additionally, the court finds that the majority

14  of the *Eitel* factors weigh in favor of granting default judgment to plaintiff on that claim.

15  Therefore, the undersigned recommends that plaintiff be granted default judgment against

16  defendant Knox on plaintiff's ADA claim and award plaintiff an injunction requiring defendant

17  Knox to provide for a properly configured van-accessible disabled parking space with an

18  accessible route to the entrance in accordance with the ADA and the ADAAG. *See* 42 U.S.C.

19  § 12188(a)(2) (authorizing injunctions under the ADA).

20        B.    Unruh Civil Rights Act

21        The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are

22  free and equal, and no matter what their sex, race, color, religion, ancestry, national origin,

23  disability, medical condition, marital status, or sexual orientation are entitled to the full and

24  equal accommodations, advantages, facilities, privileges, or services in all business

25  establishments of every kind whatsoever." Cal. Civ. Code § 51(b). To prevail on his disability

26  discrimination claim under the Unruh Civil Rights Act, plaintiff must establish that (1) he was

1   denied the full and equal accommodations, advantages, facilities, privileges, or services in a

2   business establishment; (2) his disability was a motivating factor for this denial; (3) defendants

3   denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services;

4   and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm.

5   Cal. Civil Jury Instructions (BAJI), No. 7.92 (Fall 2009 Revision).  Additionally, any violation

6   of the ADA necessarily constitutes a violation of the Unruh Civil Rights Act.  Cal. Civ. Code §

7   51(f); *see also Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 664 (2009).

8          Here, because plaintiff's complaint properly sets out the necessary elements for his ADA

9   claim against defendant Knox, plaintiff has also properly set out the necessary elements for his

10  Unruh Civil Rights Act claim.  Therefore, and because there are no policy considerations which

11  preclude the entry of default judgment on this claim, *Eitel*, 782 F.2d at 1471-72, the court will

12  recommend that plaintiff's motion for default judgment on his Unruh Civil Rights Act claim

13  against defendant Knox be granted.

14         The Unruh Civil Rights Act provides for a minimum statutory damage amount of $4000

15  per violation, and "any attorney's fees that may be determined by the court in addition thereto."

16  *Id.* § 52(a).  Plaintiff seeks $8,000 in damages for violation of the Unruh Civil Rights Act, based

17  on two actual visits to defendant's property.  Dckt. No. 18 at 4.  The court will recommend that

18  plaintiff be awarded those statutory damages.

19  III.   <u>CONCLUSION</u>

20         Based on the foregoing findings, IT IS HEREBY ORDERED that the August 31, 2011

21  hearing on plaintiff's amended default judgment motion is vacated.  IT IS FURTHER

22  RECOMMENDED that:

23         1.  Plaintiff's amended motion for default judgment against defendant David G. Knox,

24  Dckt. No. 18, be GRANTED;

25         2.  Plaintiff be awarded statutory damages in the amount of $8,000;

26  ////

3.  Plaintiff be granted an injunction requiring defendant Knox to provide for a properly configured van-accessible disabled parking space with an accessible route to the entrance in accordance with the Americans with Disabilities Act of 1990 and the Americans with Disabilities Act Accessibility Guidelines contained in 28 C.F.R. Part 36; and

4.  The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 26, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE